IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORDAN KEEFE,<br><br>Plaintiff,<br><br>vs.<br><br>MSP I.P.S. OFFICERS, THORNE-BLACKCROW, MEDICAL STAFF, C/O BURESH, JOANNE REESE, TOM SIMPKINS, TAMMY, JIM, AMBER HOLLY, C/O WHEAT, and MONTANA STATE PRISON,<br><br>Defendants. | CV 15-00103-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jordan Keefe has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 3.) The request to proceed in forma pauperis will be granted. Mr. Keefe has also filed a "Motion for Hearing for Cause and for Relief by Reason of a Preliminary Injunction" (Doc. 5), which should be denied.

**I. Motion to Proceed in Forma Pauperis**

Because he is incarcerated, Mr. Keefe must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Keefe submitted an account statement showing average monthly deposits of $152.11 over the six-month period preceding

1

the filing of his Complaint (May 26, 2015–November 26, 2015). (Doc. 4-2.) Therefore, he must pay an initial partial filing fee of $30.42. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Keefe to collect the initial partial filing fee from Mr. Keefe's account and forward it to the Clerk of Court.

Thereafter, Mr. Keefe must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Keefe to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.  Motion for Hearing by Reason of a Preliminary Injunction

Mr. Keefe has filed a "Motion for Hearing for Cause and Relief by Reason of a Preliminary Injunction" (Doc. 5), which the undersigned liberally construes as a motion for a preliminary injunction. He seeks a hearing to bring forward his witnesses to demonstrate the merits of his claims. He seeks a settlement in the amount of $500,000.00, further medical treatment, the "exhaust[ion]" of his prison sentence, and his release. (Doc. 5 at 5.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

Mr. Keefe is seeking a preliminary adjudication on the merits of his claims. He complains that he was injured when Defendants forced him to take a cast off his hand without medical assistance during a search at the prison. He is seeking not only monetary relief but release from prison. A preliminary injunction does not serve as a preliminary adjudication on the merits. It is a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). As Mr. Keefe seeks remedies for an alleged wrong that is wholly in the past, he cannot show that he is likely to suffer irreparable harm in the absence of preliminary relief. As such, he is not entitled to a preliminary injunction.

Further, as part of the relief he seeks, Mr. Keefe asks for release from prison. Whenever the relief sought is release from prison, the only remedy is through a

3

habeas petition, not a civil action filed pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**III. Screening Process**

Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of a case to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Mr. Keefe must await the Court's preliminary screening Order prior to taking further action in this matter.

Based upon the foregoing, the undersigned issues the following:

**ORDER**

1. Mr. Keefe's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 1). The Complaint is deemed filed November 20, 2015.

3. At all times during the pendency of this action, Mr. Keefe MUST

IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

Further, the undersigned issues the following:

**RECOMMENDATIONS**

Mr. Keefe's "Motion for Hearing for Cause and for Relief by Reason of a Preliminary Injunction" (Doc. 5) should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Keefe may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 14th day of December, 2015.

> _/s/ John Johnston_
> John Johnston
> United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.