```
IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF MONTANA
           HELENA DIVISION
```

**FILED**

FEB 02 2016

Clerk, U.S. District Court
District of Montana
Missoula

| | |
|---|---|
| JORDAN KEEFE, | CV 15–103–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| MSP I.P.S. OFFICERS, THORNE-BLACKCROW, MEDICAL STAFF, C/O BURESH, JOANNE REESE, TOM SIMPKINS, TAMMY, JIM, AMBER HOLLY, C/O WHEAT, and MONTANA STATE PRISON, | |
| Defendants. | |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on December 14, 2015, recommending the denial of Plaintiff Jordan Keefe's ("Keefe") motion for a preliminary injunction. Keefe filed an objection to the Findings and Recommendations on December 24, 2015, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if

the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

In his objections, Keefe argues that the Findings and Recommendations erred in finding that Keefe failed to show that he would likely suffer irreparable harm in the absence of a preliminary injunction. Specifically, Keefe maintains that this finding "is premature" and lacks support because Judge Johnston had "no factual knowledge to contest or object to or deny a preliminary injunction at this time." (Doc. 8 at 1.) Keefe further requests that a hearing be granted so that he may show that a preliminary injunction is warranted on the merits. The Court disagrees.

As stated by Judge Johnston, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). In order to show that a preliminary injunction is warranted, Keefe must establish four elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Id.* at 20.

Here, Keefe's motion alleges that he suffered harm when Defendants forced him to remove a cast on his hand without medical assistance. Keefe complains

about harm that has already occurred, i.e., that he was injured when Defendants made him remove his cast. His motion does not seek the prevention of any future irreparable harm associated with the removal of his cast. Thus, a preliminary injunction is not warranted.

Additionally, on January 25, 2016, Keefe filed a "Motion to support 1983 claim against the use of excessive force." (Doc. 10.) The Court has interpreted this "motion" as a supplemental document to Keefe's objections. In this document, Keefe makes generalized allegations that a preliminary injunction in the form of a temporary restraining order against Defendants is necessary in this case "because of security threats." (Doc. 10 at 8.) Apparently, Keefe argues that Defendants pose a "security threat" to him because he filed this lawsuit.

Ignoring the fact that this document was filed after the fourteen day period for lodging objections to the Findings and Recommendations, the Court finds that these allegations are nothing more than speculation. Keefe's allegations are general in nature and fail to provide any factual support for the argument that Defendants will harm him in the future because he filed this lawsuit. These allegations fail to show that Keefe will likely suffer future harm.

Finally, this Court must also address a document filed by Keefe entitled "Motion to claim an inability to proceed under John C. Johnston." (Doc. 10.) In

this document, Keefe states that Judge Johnston's Findings and Recommendations were based on "zero legal analysis" and supported by "a biased legal opinion of his own." As a result, Keefe requests that a new judge be appointed in this matter. The Court will interpret this document as a motion for recusal.

Federal Rules of Civil Procedure allow replacement of a sitting judge if that judge "is unable to proceed." Fed. R. Civ. P. 63. In addition to death and disability, questions about the judge's impartiality may warrant recusal. Charles Alan Wright et al., *Federal Practice and Procedure* vol. 11, § 2922, 742–743 (West 2005). There are two general situations where the appearance of partiality requires recusal. First, recusal may be necessary when the judge's opinion of the litigants is formed by information learned outside the judicial proceeding. *Id.* at 744 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Second, recusal may be appropriate in situations where information before the judge is limited to information learned during the course of the proceeding, but the judge's opinion is so extreme that fair judgment appears impossible. *Id.* (citing *Liteky*, 510 U.S. at 555) (describing this bias as a "display [of] deep-seated favoritism or antagonism").

Here, Keefe does not argue that Judge Johnston was biased by outside information. Thus, the first situation described above does not apply. Instead,

Keefe appears to be arguing the second situation applies. However, as stated above, Judge Johnston correctly found that Keefe was not entitled to a preliminary injunction because he failed to show the likelihood of future irreparable harm. This ruling was reasoned and based upon controlling precedent. Further, Judge Johnston's finding is not extreme and does not display any antagonism towards Keefe or favoritism towards Defendants. Keefe's motion for recusal will be denied.

Accordingly, the Court reviews the remainder of Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 6) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Keefe's "Motion for Hearing for Cause and for Relief by Reason of a Preliminary Injunction" (Doc. 5) is DENIED.

IT IS FURTHER ORDERED that Keefe's "Motion to Claim an Inability to Proceed Under Judge Johnston by Plaintiff Jordan Keefe" (Doc. 9) is DENIED.

DATED this 2nd day of February, 2016.

Dana L. Christensen, Chief Judge
United States District Court