IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORDAN KEEFE, <br><br> Plaintiff, <br><br> vs. <br><br> MSP I.P.S. OFFICERS, THORNE-BLACKCROW, MEDICAL STAFF, C/O BURESH, JOANNE REESE, TOM SIMPKINS, TAMMY, JIM, AMBER HOLLY, C/O WHEAT, and MONTANA STATE PRISON, <br><br> Defendants. | CV 15-00103-H-DLC-JTJ <br><br> AMENDED ORDER |

On May 17, 2016, this Court issued an Order to serve Plaintiff Jordan Keefe's Second Amended Complaint on Officer Buresch. Officer Buresch alleged told another inmate that Mr. Keefe was in prison for violently raping a six-year-old child. (Doc. 18.) The May 17, 2016 Order mistakenly directed service on counsel for Crossroads Correctional Center; the Second Amended Complaint should be served on counsel for the Montana Department of Corrections. Accordingly, the Order issued May 17, 2016 (Doc. 19), is hereby withdrawn and the following order is issued in its place.

Mr. Keefe names Officer Buresch and Montana State Prison in his Second

1

Amended Complaint. (Doc. 18.) The Court previously found that this allegation was sufficient to state a claim under the Eighth Amendment against Officer Buresch. (Doc. 17.) Defendant Buresh will be required to respond to the Second Amended Complaint.

Montana State Prison, however, is a state agency protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The United States Supreme Court has interpreted the Eleventh Amendment to mean that, absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Mr. Keefe, however, is not seeking prospective relief. (Second Amended Complaint, Doc. 18 at 5.) Montana State Prison should be dismissed.

Mr. Keefe was advised in the Court's prior Order that any second amended complaint would replace the original complaints and the original complaints would no longer serve a function in the case. (Doc. 17 at 18 citing *Ferdik v. Bonzelet*,

963 F.2d 1258, 1262 (9th Cir. 1992)). As such, Defendants not named in the Second Amended Complaint should be dismissed; this includes: MSP I.P.S. Officers, Thorne Blackcrow, Medical Staff, Joanne Reese, Tom Simpkins, Tammy, Jim, Amber, Holly, and Correctional Officer Wheat. In addition, all claims not raised in the Second Amended Complaint should be dismissed, including Mr. Keefe's claims of denial of medical care, sexual assault, retaliation, threats, the right to file grievances, and any claims under the Americans with Disabilities Act.

Based on the foregoing, the Court issues the following:

**ORDER**

1. The Order and Findings and Recommendations issued May 17, 2016 (Doc. 19), is **WITHDRAWN**.

2. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendant Buresch to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **30 days of the entry date reflected on the Notice of Electronic Filing**. If Defendant Buresch chooses to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to

"waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

      3.  The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

*     Complaint (Doc. 1);
*     Amended Complaint (Doc. 4);
*     Order dated April 18, 2016 (Doc. 17);
*     Second Amended Complaint (Doc. 18);
*     this Order;
*     a Notice of Lawsuit & Request to Waive Service of Summons; and
*     a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

      4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a

notice. The Court will not consider requests made or information presented in letter form.

5. Mr. Keefe <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Mr. Keefe must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. All Defendants other than Officer Buresh including: MSP I.P.S. Officers, Thorne Blackcrow, Medical Staff, Joanne Reese, Tom Simpkins, Tammy, Jim, Amber, Holly, Correctional Officer Wheat, and Montana State Prison, should be **DISMISSED**.

2. All claims other than Mr. Keefe's claim against Officer Buresh, including Mr. Keefe's claims of denial of medical care, sexual assault, retaliation, threats, the right to file grievances, and any claims under the Americans with Disabilities Act, should be **DISMISSED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Keefe may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 17th day of May, 2016.

      /s/ John Johnston
      John Johnston
      United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORDAN KEEFE,<br><br>Plaintiff,<br><br>vs.<br><br>MSP I.P.S. OFFICERS, THORNE-BLACKCROW, MEDICAL STAFF, C/O BURESH, JOANNE REESE, TOM SIMPKINS, TAMMY, JIM, AMBER HOLLY, C/O WHEAT, and MONTANA STATE PRISON,<br><br>Defendants. | CV 15-00103-H-DLC-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

To: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against an individual you may represent in this Court under the number shown above. A copy of the second amended complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date

1

shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served on Defendant and Defendant will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and complaint on Defendant and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 17th day of May, 2016.

       /s/ John Johnston      
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be

required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORDAN KEEFE,<br><br>Plaintiff,<br><br>vs.<br><br>MSP I.P.S. OFFICERS, THORNE-BLACKCROW, MEDICAL STAFF, C/O BURESH, JOANNE REESE, TOM SIMPKINS, TAMMY, JIM, AMBER HOLLY, C/O WHEAT, and MONTANA STATE PRISON,<br><br>Defendants. | CV 15-00103-H-DLC-JTJ<br><br>Rule 4 Waiver of the Service of Summons |

TO: The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case. Defendant also received a copy of the Second Amended Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Second Amended Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;

1

The above-named Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)