IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORDAN KEEFE,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE BURESH,<br><br>Defendant. | CV 15-00103-H-DLC-JTJ<br><br><br><br>ORDER |

Plaintiff Jordan Keefe, a prisoner proceeding in forma pauperis and without counsel has filed the following motions: Motion for Extension of Time (Doc. 33); Motion to Subpoena Work Record of Defendant Mike Buresh under Rule 45(d)(E)(a) (Doc. 34); Motion to Subpoena Britt Cotter under Rule 45 (Doc. 35); Motion for Deposition under Rule 30(a)(1)(A)(2)(a) (Doc. 36); Motion for Deposition under Rule 32 (Doc. 37); and Motion to Produce Video Surveillance (Doc. 44). In response, Defendant filed a Motion to Stay Discovery until such time as the disclosures required by the Court's Amended Scheduling Order are filed and served. (Doc. 39.)

Defendant's motion will be granted and Mr. Keefe's motions listed above will be denied without prejudice and subject to renewal. The Court's August 2, 2016 Amended Scheduling Order (Doc. 30) clearly provides that "no party may

1

serve written discovery requests or take any depositions until they have filed their disclosure statement . . ." (Amd. Sch. Ord., Doc. 30 at 6.) Mr. Keefe has not filed his disclosure statement as required by the Amended Scheduling Order and Defendant represents that he has not served Defendant with the required disclosure materials. (Doc. 40 at 2-3.) No discovery may take place until the required disclosure statements have been filed and the required disclosures have been made. Mr. Keefe's discovery motions (Docs. 33-37) will therefore be denied without prejudice and subject to renewal after completion of the disclosure requirements.

In addition, Mr. Keefe's motions for subpoenas (Docs. 34, 35) are denied for failure to comply with paragraph II(A)(5) of the Court's Amended Scheduling Order. That paragraph provides that:

> Plaintiff may not serve or have issued any subpoena unless he first makes a motion to have them issued and obtains an Order from this Court approving issuance and service of the subpoena. To seek an Order of approval, Plaintiff must submit a proposed subpoena to the Court in final form and provide justification for it.

(Amd. Sch. Ord., Doc. 30 at 9.) Should Mr. Keefe decide to re-file his motions for subpoenas, he must submit a proposed subpoena and provide specific justification for his subpoena requests. The Court will deny any motions for subpoenas which do not comply with this requirement.

Finally, the discovery motions are denied for failure to comply with

Fed.R.Civ.P. 37(a)(1), D.Mont. L.R. 7.1(c)(1), and D.Mont. L.R. 26.3(c). As set forth in the Court's Amended Scheduling Order:

> The Court will not consider motions to compel or other discovery disputes unless the moving party complies with Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D. Mont. L.R. 7.1(c)(1) ("The text of the motion must state that other parties have been contacted and state whether any party objects to the motion."); and D. Mont. L.R. 26.3(c) ("The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed.").

(Amd. Sch. Ord., Doc. 30 at 7.) These rules require Mr. Keefe to contact opposing counsel and discuss his discovery issues prior to filing any discovery motions. Mr. Keefe may not file any further discovery motions until he has complied with these rules.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Keefe's Motion for Extension of Time (Doc. 33) is **DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL**.

2. Mr. Keefe's Motion to Subpoena Work Record of Defendant Mike Buresh under Rule 45(d)(E)(a) (Doc. 34) is **DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL**.

3. Mr. Keefe's Motion to Subpoena Britt Cotter under Rule 45 (Doc. 35) is **DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL**.

4. Mr. Keefe's motion for deposition under Rule 30(a)(1)(A)(2)(a) (Doc. 36) is **DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL**.

5. Mr. Keefe's Motion for Deposition under Rule 32 (Doc. 37) is **DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL**.

6. Defendant's Motion to Stay Discovery (Doc. 39) is **GRANTED**.

7. Mr. Keefe's Motion to Produce Video Surveillance (Doc. 44) is **DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL**.

8. At all times during the pendency of this action, Mr. Keefe must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 5th day of October 2016.

      */s/ John Johnston*
      John Johnston
      United States Magistrate Judge